UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SONIA ARCINIEGA,

    Plaintiff,

-VS-

CHECK MART OF FLORIDA, INC. d/b/a
THE CHECK CASHING STORE,

    Defendant.

_____/

CASE NO.:

2:14-cv-742-FtM-29CM

**JURY TRIAL DEMANDED**

## COMPLAINT

1.    Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

2.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3D 1242 (C.A. 11, 2014).

### JURISDICTION AND VENUE

3.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

4.    The alleged violations described in the Complaint occurred in Lee County, Florida.

### FACTUAL ALLEGATIONS

5.     Plaintiff is a natural person, and citizen of the State of Florida, residing in Lee County, Florida

6.     Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

7.     Plaintiff is an "alleged debtor."

8.     Plaintiff is the "called party." See <u>Soppet v. Enhanced Recovery Co., LLC</u>, 679 F.3d 637, 643 (7th Cir. 2012), <u>Osorio v. State Farm Bank, F.S.B.</u>, 746 f. 3D 1242 (C.A. 11 (Fla.) 2014) and <u>Breslow v. Wells Fargo Bank, N.A.</u>, 2014 WL 2565984 (C.A. 11 (Fla.) 2014).

9.     Defendant, CHECK MART OF FLORIDA d/b/a THE CHECK CASHING STORE (hereinafter "Check Mart"), is a corporation with its principal place of business at 1436 Lancaster Ave., Suite 300, Berwyn, PA 19312-1288 and conducting business in the state of Florida through its registered agent, NRAI Services, Inc., 1200 South Pine Island Rd., Suite 4, Plantation, FL 33324.

10.    The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

11.    Check Mart called the Plaintiff approximately three hundred (300) times since August 2014, in an attempt to collect a debt.

12.    Check Mart attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

13.    Check Mart intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

14.    On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention.

2

15.    Each call Check Mart made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

16.    In fact, Check Mart's corporate representative has sworn to the fact that Check Mark uses an automatic telephone dialing system.

17.    Each call Check Mart made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

18.    On numerous occasions Plaintiff answered and spoke to agents of Check Mart, instructing them to stop calling, but her efforts at getting the calls to cease were futile as Check Mart continued the bombardment.

19.    On one occasion when Plaintiff informed an agent of Check Mart to stop calling her, the agent responded that if Plaintiff did not pay the amount in question her account would sent to collections and it would appear on her credit report.

20.    On another occasion when Plaintiff informed an agent of Check Mart to stop calling her, the agent informed her that Check Mart will not stop calling.

21.    Due to the tremendous volume of calls Plaintiff was not able to keep track of each one, however below is a sampling of the automated calls Plaintiff received from Check Mart:

     i)     9 calls on September 11, 2014 at 9:04am, 10:16am, 11:30am, 12:31pm, 1:37pm, 2:26pm, 3:36pm, 3:36pm, and 4:40pm

     ii)    10 calls on September 12, 2014 at 10:08am, 11:11am, 12:25pm, 2:00pm, 2:57pm, 3:49pm, 4:10pm, 5:04pm, 6:08pm and 7:36pm

     iii)   4 calls on September 13, 2014 at 10:03am, 10:37am, 12:44pm and 1:43pm

     iv)   7 calls on September 15, 2014 at 11:18am, 12:14pm, 1:32pm, 2:43pm, 4:30pm, 5:18pm and 6:32pm

v)   13 calls on September 16, 2014 at 9:05am, 9:23am, 9:40am, 9:43am, 10:14am, 11:17am, 12:22pm, 1:39pm, 2:52pm, 4:20pm, 5:14pm, 5:17pm and 6:19pm.

vi)   9 calls on September 17, 2014 at 10:17am, 11:01am, 1:11pm, 2:19pm, 3:10pm, 4:25pm, 5:40pm, 6:43pm and 7:56pm

vii)   10 calls on September 18, 2014 at 9:04am, 10:10am, 11:20am, 12:21pm, 1:33pm, 2:39pm, 4:23pm, 4:38pm, 6:01pm and 7:38pm.

viii)   9 calls on September 19, 2014 at 10:26am 12:16pm, 1:02pm, 2:08pm, 3:00pm, 4:06pm, 5:03pm, 6:01pm and 7:17pm

ix)   3 calls on September 20, 2014 at 10:05am, 11:06am and 12:28pm

x)   9 calls on September 22, 2014 at 9:05am, 10:07am, 11:05am, 12:22pm, 1:27pm, 2:35pm, 3:58pm, 4:48pm and 5:33pm

xi)   10 calls on September 23, 2014 at 8:10am, 10:11am, 10:18am, 11:10am, 12:15pm, 1:09pm, 2:11pm, 3:13pm, 4:20pm and 7:21pm.

xii)   7 calls on September 24, 2014 at 9:03am, 10:11am, 11:07am, 12:29pm, 1:36pm, 2:44pm and 5:18pm

xiii)   7 calls on September 25, 2014 at 8:04am, 10:06am, 11:19am, 1:39pm, 4:15pm, 5:30pm and 6:55pm

xiv)   1 call on October 1, 2014 at 3:15pm

xv)   9 calls on October 2, 2014 at 9:58pm, 11:35am, 1:05pm, 2:54pm, 3:53pm, 4:30pm, 5:30pm, 6:32pm, and 7:33pm

xvi)   3 calls on October 3, 2014 at 10:00am, 3:55pm and 5:02pm

xvii)   5 calls on October 6, 2014 at 8:11am, 10:02am, 3:41pm, 4:40pm and 7:26pm

xviii)   9 calls on October 7, 2014 at 9:08am, 10:12am, 12:28pm, 1:31pm, 2:32pm, 3:46pm, 4:11pm, 4:53pm and 5:39pm

xix)   7 calls on October 8, 2014 at 8:05am, 10:10am, 2:40pm, 3:10pm, 4:02pm, 4:52pm and 6:14pm

xx)   6 calls on October 9, 2014 at 9:06am, 10:07am, 11:13am, 12:26pm, 1:50pm and 4:09pm

xxi)   2 calls on October 10, 2014 at 5:23pm and 6:27pm

xxii)   3 calls on October 11, 2014 at 10:16 am, 10:59am and 11:59am

xxiii)  2 calls on October 13, 2014 at 10:09am and 5:16pm

xxiv)  2 calls on October 14, 2014 at 9:05am and 5:43pm

xxv)  4 calls on October 15, 2014 at 8:58am, 12:19pm, 4:25pm and 6:11pm

xxvi)  3 calls on October 16, 2014 at 9:05am, 11:15am and 1:27pm

xxvii)  2 calls on October 17, 2014 at 9:05am and 4:38pm

xxviii) 2 calls on October 20, 2014 at 8:06am and 2:07pm

xxix)  4 calls on October 21, 2014 at 8:56am, 12:07pm, 2:04pm and 4:18pm

xxx)  1 call on October 28, 2014 at 2:51pm

xxxi)  4 calls on October 29, 2014 at 11:16am, 12:12pm, 2:22pm and 3:58pm

xxxii)  6 calls on October 30, 2014 at 9:13am, 10:20am, 11:16am, 12:20pm, 1:23pm and 5:55pm

xxxiii) 6 calls on October 31, 2014 at 8:04am, 11:04am, 12:18pm, 3:03pm, 4:28pm and 5:50pm

xxxiv) 7 calls on November 3, 2014 at 8:05am, 11:51am, 12:56pm, 2:11pm, 3:33pm, 4:33pm and 6:01pm

xxxv)  4 calls on November 4, 2014 at 8:02am, 10:55am, 1:53pm and 1:54pm

xxxvi) 1 call on November 12, 2014 at 3:04pm

xxxvii)2 calls on November 13, 2014 at 11:07am and 5:02pm

xxxviii) 1 call on November 17, 2014 at 10:30am

22.  Check Mart has one of, if not the most, illegal collection systems in the country.

23.  Plaintiff received the following text from Check Mart on September 8, 2014 at 3:06pm to her cellular telephone: "SONIA Your short term loan is overdue. Info about your intent regarding re-payment of your bal of 374.99 is req'd. Reply/call 801902664 Monica."

24.     Plaintiff received the following text from Check Mart on September 23, 2014 at 12:04pm to her cellular telephone: "SONIA please respond to this text or call 8019902664 regarding your past due balance of 374.99 on your payday loan. Thank you."

25.     Plaintiff received the following text from Check Mart on September 24, 2014 at 12:25pm to her cellular telephone: "Hi SONIA this is the Check Cashing Store. Please respond to this text or call us back 8019902664 regarding your past due balance with us. Thank you."

26.     Plaintiff received the following text from Check Mart on September 24, 2014 at 12:59pm to her cellular telephone: "SONIA to avoid further collection activity on your loan, reply immed to clear your bal of 374.99. Sched avlbl. Reply/Call 8019902664 Monica."

27.     Plaintiff received the following text from Check Mart on October 3, 2014 at 3:51pm to her cellular telephone: "SONIA to avoid further collection activity on your loan, respond immed to clear your bal of 374.99 or sched thru 10/17 Reply/call 8019902661."

28.     Plaintiff received the following text from Check Mart on October 7, 2014 at 11:43am to her cellular telephone: "SONIA your acct is 31+ days past due may be up for Mngr review. Please CALL/REPLY 8019902664 2 make pymt or schedule your bal of 374.99."

29.     Plaintiff received the following text from Check Mart on October 10, 2014 at 12:33pm to her cellular telephone: "SONIA to avoid further collections on your loan, reply immed to clear your bal of 374.99. Sched avlbl thru 10/25 Reply/Call 8019902664."

30.     Plaintiff received the following text from Check Mart on October 14, 2014 at 4:09pm to her cellular telephone: "SONIA Your short term loan bal of 374.99 is over due. Info about your intent regarding re-payment is requested. Reply or call Monica 801-990-2664."

31.     Plaintiff received the following text from Check Mart on October 23, 2014 at 3:43pm to her cellular telephone: "This is the Check Cashing Store. Your account is now over 30 days past due. To avoid further collections call 801-990-2664 or reply."

32.     Plaintiff received the following text from Check Mart on October 24, 2014 at 2:18pm to her cellular telephone: "This is the Check Cashing Store. Your account is now over 30 days past due. To avoid further collections call 801-990-2664 or reply."

33.     Plaintiff received the following text from Check Mart on October 27, 2014 at 3:50pm to her cellular telephone: "This is the Check Cashing Store. Your account is now over 30 days past due. To avoid further collections call 801-990-2664 or reply."

34.     Plaintiff received the following text from Check Mart on October 29, 2014 at 2:53pm to her cellular telephone: "This is the Check Cashing Store. Your account is now over 30 days past due. To avoid further collections call 801-990-2664 or reply."

35.     Plaintiff received the following text from Check Mart on November 25, 2014 at 4:03pm to her cellular telephone: "Do you need assistance in making a payment arrangement? Call/reply 1-801-990-2664 to discuss a date & amnt you can pay on PAST due loan."

36.     Plaintiff received the following text from Check Mart on November 25, 2014 at 5:26pm to her cellular telephone: "(MoneyMart) Do you require assistance in making a payment arrangement? Call/Reply 1-801-990-2664 to discuss a date & amount you can pay on your Past Due Loan."

37.     Check Mart has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

38.     Check Mart has a written policy stating that its collectors are to continue calling individuals despite their pleas to stop the calls.

39.     Check Mart has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Check Mart, to stop the calls.

40.    Check Mart in denegation of Federal Law requires individuals to put any requests for cessation of calls to be in writing.

41.    Check Mart has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

42.    Check Mart bullies individuals by phone campaigns of terror.

43.    Check Mart's corporate policy provided no means for the Plaintiff to stop the calls.

44.    None of Check Mart's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

45.    The constant automated calls, emails and texts from Defendant to Plaintiff caused her undue stress and anxiety.

46.    Check Mart willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

### COUNT I
### (Violation of the TCPA)

47.    Plaintiff re-alleges paragraphs one (1) through forty-six (46) above and further states:

48.    Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

49.    Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant to stop calling Plaintiff.

50.    Check Mart repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

51.     Under 47 U.S.C. § 27(b)(3)(B), the Plaintiff is entitled to $500.00 in damages for each violation, however if the Defendant willfully or knowingly violated the law, the Court may award treble damages under 47 U.S.C § 27(b)(3)(C).

52.     The TCPA is a strict liability statute which Check Mart has clearly violated.

        **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Check Mart for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

53.     Plaintiff re-alleges paragraphs one (1) through forty-six (46) above and further states:

54.     At all times relevant to this action Check Mart is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

55.     Check Mart has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

56.     Check Mart has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

57.     Check Mart has violated Florida Statute §559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.

58.     Check Mart's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Check Mart for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Intentional Infliction of Emotional Distress)

59.    Plaintiff re-alleges paragraphs one (1) through forty-six (46) above and further states:

60.    Check Mart's actions were, reckless, outrageous, intentional, deliberate, malicious, beyond all bounds of decency, odious and utterly intolerable in a civilized society.

61.    Such conduct is the type of conduct which would cause the average person to exclaim "outrageous!"

62.    As a direct and proximate result of Check Mart's conduct Plaintiff suffered severe emotional distress and mental anguish.

63.    Plaintiff's emotional distress is severe and ongoing.

WHEREFORE, Plaintiff respectfully demands a trial by jury of all issues so triable and judgment against Defendant Check Mart for actual damage, enjoinder from similar conduct, costs, interest, and any such other relief this Honorable Court deems appropriate in the spirit of Justice.

Respectfully submitted,

William Peerce Howard, Esq.
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
bhoward@forthepeople.com
Florida Bar #: 0103330
Attorney for Plaintiff

-and-

David P. Mitchell, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
dmitchell@forthepeople.com
Florida Bar #: 067249
Attorney for Plaintiff