UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SONIA ARCINIEGA,

Plaintiff,

v. Case No: 2:14-cv-742-FtM-38CM

CHECK MART OF FLORIDA, INC.,

Defendant.
___________________________________/

**ORDER[1]**

This matter comes before the Court on Defendant Check Mart of Florida, Inc.'s Motion to Dismiss or Compel Arbitration (Doc. #12) filed on February 5, 2015. Although given the opportunity, Plaintiff Sonia Arciniega has not timely filed a response in opposition. This matter is now ripe for review.

Background

Sonia Arciniega received a loan from Check Mart of Florida, Inc. on or about July 25, 2014. (Doc. #12, at 5). The loan agreement is entitled "Deferred Presentment Agreement" and is accompanied by an arbitration agreement. (Doc. #12, at 5-8). The arbitration agreement plainly states all federal or state law claims, disputes, or controversies arising from or related to Arciniega's transactions with Check Mart are subject to arbitration. (Doc. #12, at 8, ¶1(b)). Moreover, the arbitration agreement plainly

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

states indirect claims relating to the Deferred Presentment Agreement are subject to arbitration. (Doc. #12, at 8, ¶1(a)). Further, the arbitration agreement plainly states violations of federal and state statutes and regulations are subject to arbitration. (Doc. #12, at 8, ¶1(e)). Lastly, Arciniega waived her right to a jury trial in the arbitration agreement. (Doc. #12, at 8, ¶2).

Arciniega initiated this instant lawsuit against Check Mart on December 29, 2014. (Doc. #1). Arciniega alleges Check Mart called her over three hundred times in attempt to collect a debt she owed Check Mart. (See generally Doc. #1). Arciniega alleges, in light of the many communications, Check Mart violated the Telephone Consumer Protection Act (Count I), violated the Florida Consumer Collection Practices Act (Count II), and intentional inflicted emotional distress on Arciniega (Count III). (Doc. #1).

Now, Check Mart moves to dismiss the complaint or compel arbitration. Check Mart asserts the debt at issue in Arciniega's complaint is the debt she owes Check Mart in connection with the Deferred Presentment Agreement. Moreover, Check Mart argues it has not waived its right to arbitration and its arbitration agreement is enforceable. Lastly, Check Mart asserts Arciniega's jury demand should be stricken from the complaint.

Discussion

Arbitration is a form of binding dispute resolution. Parties can contractually agree to arbitrate all or some claims pursuant to their legal relationship. The Federal Arbitration Act places "arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms." Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63, 63 (2010) (internal citations omitted). State law governs whether an arbitration agreement is enforceable. Delano v. Mastec, Inc., No. 8:10-CV-320-T-27MAP, 2010 WL

4809081, at *2 (M.D. Fla. Nov. 18, 2010) (citation omitted); Shotts v. OP Winter Haven, Inc., 80 So. 3d 456, 464 (Fla. 2011) (citing Powertel, Inc. v. Bexley, 743 So.2d 570, 574 (Fla. 1st DCA 1999)); see also Zions Mgmt. Servs. v. Record, 305 P.3d 1062, 1070-71 (Utah 2013). Here, Utah law applies. (See Doc. #12, at 7). "Arbitration is a matter of contract and a party cannot be required to submit to arbitration [with regard to] any dispute which he has not agreed so to submit." Cade v. Zions First Nat'l Bank, 956 P.2d 1073-1076-77 (Utah Ct.App. 1998) (quoting AT&T Techs., Inc. v. Comm'ns. Workers of America, 475 US. 643, 648 (1986)). Thus, a court applying Utah law "must first conclude that arbitration is a remedy which has been bargained for by the parties. Only when such agreement on arbitration exists may [courts] encourage arbitration by liberal interpretation of the arbitration provisions themselves." Reed v. Davis County Sch. Dist., 892 P.2d 1063, 1065 (Utah Ct.App. 1995); Cade, 956 P.2d at 1077 (same); Kenny v. Rich, 186 P.3d 989, 999 (Utah Ct.App. 2008) (same).

Upon consideration, the Court finds Check Mart's motion is compelling. Upon review of the arbitration agreement and in light of the relevant law, the Court finds the arbitration agreement is a valid remedy which has been bargained for by the parties. The parties have agreed to arbitrate all federal or state law claims arising from or related to Arciniega's transactions with Check Mart. The Court finds the issues in the complaint are the type of issues that the parties agreed to arbitrate. No contrary evidence has been provided to the Court. In addition, Check Mart has not waived its right to arbitration but Arciniega has waived her right to a jury trial.

Accordingly, it is now

**ORDERED:**

1. Defendant Check Mart of Florida, Inc.'s Motion to Dismiss or Compel Arbitration (Doc. #12) is **GRANTED**. The parties shall proceed to arbitration. All proceedings in this action are **STAYED** pending completion of arbitration. The jury demand (Doc. #1) is hereby **STRICKEN**.
2. Plaintiff Sonia Arciniega's Motion for Leave to Serve Subpeona upon Tracfone Wireless, Inc. (Doc. #7) is **DENIED without prejudice**.
3. The Clerk is directed to add a stay flag and administratively close the case until notification by the parties that the case is due to be reopened or dismissed.
4. The parties are directed to: (a) file a written status report every ninety (90) days during the pendency of the arbitration; (b) jointly notify the Court in writing within seven (7) days of the conclusion of the arbitration proceedings; and (c) file exhibits to motions as attachments to the main document going forward. See M.D. Fla. Administrative Procedures for Electronic Filing in Civil and Criminal Cases ("Each separate exhibit must be filed as a separate attachment to the main document.").

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of March, 2015.

Sheri Polster Chappell
**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies: All Parties of Record